**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:98-CR-169-RCJ |
| v. ) | |
| ) | **ORDER** |
| DARNELL HODGES, ) | |
| Defendant. ) | |

Currently before the Court is Defendant Darnell Hodges's Rule 35 Motion for Correction of Sentence (#94).

## BACKGROUND

In January 2000, a jury found Defendant guilty of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*See* Judgment (#93) at 1). That same month, Judge Johnnie Rawlinson sentenced Defendant to 240-months' imprisonment with credit for time served. (*Id.* at 2). The time imposed in that case was to run concurrently with the time imposed in the Nevada Eighth Judicial Court Case C150167. (*Id.*).

## DISCUSSION

In January 2011, Defendant filed a Rule 35(a) Motion for Correction of Sentence. (Mot. for Correction (#94) at 1). Defendant asserts that the Bureau of Prisons ("BOP") has miscalculated his jail credits. (*Id.*). Specifically, he argues that he should have jail credit from March 29, 1998 through his federal sentencing on January 24, 2000. (*Id.*). Based on his calculation, he should have 674 days of jail credit instead of the 358 days that the BOP has calculated. (*Id.*). Defendant requests that the Court amend or correct his judgment in this

case to reflect 674 days of jail credit. (*Id.* at 2).

The government did not file a response.

Pursuant to Fed. R. Crim. P. 35(a), a "court may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of sentencing. Fed. R. Crim. P. 35(a). In this case, the Court denies this motion as untimely. Defendant filed this motion eleven years after sentencing.

Moreover, the Court notes that it previously addressed Defendant's request for additional jail credit in a prior order. (*See* Order (#92) at 2-3). In that order, this Court found that Defendant's jail credit computation revealed the following:

> (1) Defendant was awarded presentence credit on his federal sentence for the period beginning with his arrest on March 29, 1998 through March 21, 1999 (358 days), and (2) his federal presentence credit stopped upon his March 22, 1999 state sentencing in accordance with 18 U.S.C. § 3585(b) which provides prior custody credit for all time "that has not been credited against another sentence." Under the statutory provisions of 18 U.S.C. § 3585(b), he is not entitled to federal credit for his state sentence time. Although he was transferred to federal custody, the transfer was by a writ of habeas corpus ad prosequendum and therefore the state maintained "primary jurisdiction" over him. *See Taylor v. Reno*, 164 F.3d 440, 444-45 & n.1 (9th Cir. 1998), *cert denied*, 119 S.Ct. 2377 (1999). Defendant's sentence credit began on January 24, 2000 when he was sentenced and he has received sentence credit on his federal sentence since that date.

(*Id.* at 3).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Rule 35 Motion for Correction of Sentence (#94) is DENIED.

DATED: This 31st day of January, 2012.

_____
United States District Judge