RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
BRIAN PUGH
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorney for Darnell Hodges

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:98-cr-169-RCJ |
| Plaintiff, | **JOINT MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |
| v. | |
| DARNELL HODGES, | (Expedited Treatment Requested) |
| Defendant. | |

The defendant, DARNELL HODGES, by and through his counsel of record, Rene L. Valladares, Federal Public Defender, and Brian Pugh, Assistant Federal Public Defender, and the United States, by Elizabeth O. White, Appellate Chief and Assistant United States Attorney, respectfully move this Court to set aside and correct Defendant's sentence under 28 U.S.C. § 2255.

**I.    INTRODUCTION**

On October 8, 2015, the parties filed a joint application and emergency motion to the Ninth Circuit seeking authorization to file a successive motion pursuant to 28 U.S.C. § 2255. On October 8, 2015, the Ninth Circuit granted the parties' joint application and emergency motion permitting this 28 U.S.C. § 2255 motion.

On September 8, 1999, a jury convicted Hodges of possession of a firearm by a convicted felon. At sentencing, the district court found that Hodges qualified as an Armed Career Criminal under 18 U.S.C. § 924(e), and sentenced him to 240 months' imprisonment. In doing so, the district court relied on prior offenses which were deemed to be "violent felonies" under the ACCA's residual clause. *See* PSR ¶¶ 30, 34. In *Johnson v. United States*, 135 S. Ct. 2251 (2015), the Supreme Court found the ACCA's residual clause "unconstitutionally vague" and held that imposing an increased sentence under the clause violates the Constitution's guarantee of due process. The parties agree that *Johnson's* holding regarding the ACCA's residual clause is retroactive to cases on collateral review, and further agree that, as a result of *Johnson*, Defendant no longer qualifies as an armed career criminal. Thus, Defendant is "actually innocent" of being an Armed Career Criminal as defined in 18 U.S.C. § 924(e), and his sentence of 240 months is—in light of *Johnson*—a per se illegal sentence that exceeds the 10-year statutory maximum penalty that applies to Defendant's offense of conviction in the absence of an ACCA sentence enhancement. Defendant has already served more than the 10-year statutory maximum for his offense.

Because, in light of *Johnson*, Defendant's sentence is "in excess of the maximum authorized by law," he is entitled to relief under 28 U.S.C. § 2255(a). The parties respectfully request this Court grant this joint motion, vacate Defendant's sentence, and resentence him to time served.

## II.    STATEMENT OF FACTS

On September 8, 1999, a jury convicted Hodges of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). *See* PSR ¶¶ 2, 5. That offense normally carries a maximum term of ten years. *See* 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). The ACCA, however, mandates a 15-year minimum sentence and a maximum term of life in prison for a felon who has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).

The presentence report found that Defendant had three qualifying prior convictions that triggered the ACCA enhancement: a Nevada felony conviction for attempted larceny from a person (*see* PSR ¶¶ 21, 30); a Nevada felony conviction for attempted robbery (*see* PSR ¶¶ 21, 34); and a Nevada felony conviction for robbery with use of a deadly weapon (*see* PSR ¶¶ 21, 33).

The Court sentenced the Defendant to 240 months' imprisonment, a sentence that was 60 months higher than the 15-year mandatory minimum and at the low end of the career offender Guideline range. Without the ACCA enhancement, the statutory maximum for Defendant's offense was 10 years 18 U.S.C. § 924(a)(2). Defendant has been in federal custody since May 29, 1999. *See* PSR at p.1.

### III. THE *JOHNSON* DECISION IS RETROACTIVE TO ACCA CASES ON COLLATERAL REVIEW.

When the Supreme Court announces a new rule, "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding," *Chaidez v. United States*, 568 U.S. __, 133 S. Ct. 1103, 1107 (2013), with two exceptions. As relevant here, "[n]ew substantive rules generally apply retroactively" on collateral review, including "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). *Johnson* satisfies those criteria.

First, the *Johnson* holding is "new" because it was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013). Prior to *Johnson*, no prior precedent dictated the conclusion that the ACCA's residual clause is unconstitutionally vague. To the contrary, the Supreme Court had twice rejected that argument when it was pressed in dissenting opinions. *See James v. United States*, 550 U.S. 192, 210 n.6 (2007); *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2010). To conclude

as it did, *Johnson* had to "overrule[] * * * [the] contrary holdings in *James* and *Sykes*," 135 S. Ct. at 2563. "[T]here can be no dispute that a decision announces a new rule it if expressly overrules a prior decision." *Graham v. Collins*, 506 U.S. 461, 467 (1993).

Second, as applied to the ACCA, the *Johnson* holding is "substantive" because it narrows the class of persons that the law can punish as armed career criminals. *See Schriro*, 542 U.S. at 351-52 (a decision is "substantive" if it "narrow[s] the scope of a criminal statute by interpreting its terms."). A decision is also "substantive," as here, if it "prohibits[a] a certain category of punishment for a class of defendants because of their status or offense." *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997) (citation and brackets omitted). Such decisions "apply retroactively because they necessarily carry a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352. Applying these standards, *Johnson's* holding—which narrows the reach of the ACCA by declaring one of its provisions unconstitutional—is "substantive." *See*, e.g., *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2009) ("the application of the ACCA imposed, at a minimum, five years imprisonment that the law otherwise could not impose upon him under his statute of conviction. Such an increase in punishment is certainly a substantive liability."). *Johnson* both narrowed the ACCA's reach and declared that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. As such, *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

IV.  **UNDER *JOHNSON*, DEFENDANT DOES NOT HAVE THREE PREDICATE VIOLENT FELONIES INDER THE ACCA.**

As explained above, this Court based its determination that Defendant was an armed career criminal on three prior felony convictions, two of which qualified as violent felonies only under the residual clause. Because the residual clause is now void, neither Defendant's prior attempted larceny from a person conviction nor his attempted robbery conviction qualify

as an ACCA predicate, and he does not have the requisite three predicate convictions to qualify as an Armed Career Criminal under 18 U.S.C. § 924(e).

Defendant has been imprisoned for more than 10 years. A sentence that exceeds the statutory maximum, as here, is per se illegal and must be corrected on collateral review. *See* 28 U.S.C. § 2255(a) (authorizing collateral relief for a sentence "in excess of the maximum authorized by law"); *Newbold*, 2015 WL 3960906 (granting § 2255 relief where an erroneous ACCA sentence exceeded the non-ACCA statutory maximum). Further, an ACCA sentence based on the residual clause violates the Constitution's Due Process Clause. *See* § 2255(a) (authorizing collateral relief for a sentence "imposed in violation of the Constitution or laws of the United States); *Johnson*, 135 S. Ct. at 2563.

## V.    CONCLUSION

For the foregoing reasons, the parties respectfully request that the court grant this joint motion, vacate Defendant's sentence, and sentence him to time served.

DATED this 9th day of October, 2015

Respectfully submitted,

 */s/ Brian Pugh*                                               */s/ Elizabeth O. White*
_____           _____
BRIAN PUGH                                               ELIZABETH O. WHITE
Assistant Federal Public Defender            Appellate Chief and
District of Nevada                                     Assistant U.S. Attorney
411 E. Bonneville Ave Suite 250            District of Nevada
Las Vegas, NV 89101                              100 West Liberty, Suite 600
Phone: 702-388-6577                             Reno, Nevada 89523
Fax: 702-388-6261                                  Phone: 775/784-5438
*Attorney for Darnell Hodges*                Fax: 775-784-5181


IT IS SO ORDERED this 3rd day of December, 2015.
_____
ROBERT C. JONES

5